IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., <br>     Plaintiff, <br><br> v. <br><br> SUAH INTERNATIONAL, INC., TGM COMPANY, AND MONOLETO J. HOSEA, <br>     Defendants. | Civil Action No. 09-5517 |

**MEMORANDUM**

December 15, 2010

  Plaintiff De Lage Landen Financial Services, Inc. ("DLL"), moves the court for a default judgment against defendant Suah International, Inc. ("Suah"). For the reasons given below, I grant plaintiff's motion and enter a default judgment against the defendant in the amount of $84,224.87.

**I.[1]**

  Plaintiff DLL is a corporation organized under the laws of the State of Michigan with a place of business located in Chester County, Pennsylvania. Defendant Suah is a

---

 [1] Because defendant has not responded to any of plaintiff's filings, I state the facts as culled from the documents filed on plaintiff's behalf.

1

corporation formed under the laws of the State of Georgia with a principal place of business located in Decatur, Georgia. Defendant TGM International, Inc. ("TGM"),[2] was also a corporation formed under the laws of the State of Georgia with a principal place of business located in Decatur, Georgia. On September 18, 2010, TGM was administratively dissolved by the State of Georgia for failure to file its annual registration. Defendant Monoleto J. Hosea is an adult individual residing in Sugar Hill, Georgia. Mr. Hosea represented to DLL that he was the Operations Manager of Suah during all times relevant to the facts at issue in this case.

On July 18, 2008, Suah and Wachovia Financial Services, Inc. ("Wachovia"), entered into a master lease agreement ("Master Lease") pursuant to which Suah agreed to enter into individual lease agreements with Wachovia, each of which would be subject to the terms and conditions of the Master Lease. On July 23, 2008, Suah and Wachovia entered into a lease agreement through which Wachovia leased a Mack Truck to Suah in exchange for Suah's promise to pay Wachovia $1592.00 per month for a total of sixty (60) months ("Mack Truck Lease").

The Master Lease provides that Wachovia "may sell, assign or transfer" the Mack Truck Lease. Pursuant to that section of the Master Lease, Wachovia assigned the Mack Truck Lease to DLL, the plaintiff in this action. Following the assignment of the Mack

---

[2] Plaintiff's Complaint described TGM as "TGM Company." However, documentation subsequently submitted by Plaintiff indicates that TGM's correct name is TGM International, Inc.

Truck Lease, for some period of time Suah made its monthly payments to DLL. Beginning in March 2009, however, Suah failed to pay any of the payments when due under the Master Lease and the Mack Truck Lease.

The terms and conditions of the Master Lease, as incorporated in the Mack Truck Lease, state that Suah is considered in default for failing to pay the lease payments when due. Upon such default and written notice thereof, the Master Lease provides that all of the unpaid lease payments under the Mack Truck Lease for the full lease term are immediately due and payable together with all past due sums. Such notice was given to Suah on November 18, 2009. In addition, demand was made on November 13, 2009, and November 18, 2009 upon Mr. Hosea, who signed two personal guarantees for the payment of all payments due under the Mack Truck Lease.

DLL brought the present action on November 19, 2009. The summons and the complaint were served upon Suah on December 4, 2009, by process server. As of the date of this opinion, Suah has not appeared, answered or otherwise pleaded to DLL's complaint. Default was entered by the clerk of court on February 17, 2010.

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between a citizen of the Commonwealth of Pennsylvania and citizens of the State of Georgia.

## II.

### A. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment in cases where the defendant is not "an infant or incompetent person." In *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), the Third Circuit observed that, when entertaining a judgment by default, a district court should consider the existence of "prejudice to the plaintiff if default is denied," as well as "whether the defendant appears to have a litigable defense."

In this case, the plaintiff will be prejudiced if default is not entered. Plaintiff filed a complaint just over one year ago, and has invested significant time in the proceedings. Defendant has failed to respond in any way. Additionally, as the defendant has not submitted any responsive pleadings, the court must assume it has no litigable defense. *Cf. Spencer v. Frank*, 88-1413, 1990 WL 99110 (E.D. Pa. July 12, 1990) (assuming, where plaintiff failed to respond to defense's jurisdictional challenge, that plaintiff has no cognizable response). Accordingly, I will enter a default judgment for plaintiff against defendant.

### B. Amount Requested

The parties have the right to enter into a contract, and "it is not a function of this court to re-write it." *Hagarty v. William Akers, Jr. Co.*, 20 A.2d 317, 319 (Pa. 1941). Accordingly, the amounts stipulated to by the parties in the Agreement should be

enforced unless the fees requested are in violation of law or the Agreement.

Plaintiff requests the balance due under the Mack Truck lease in the amount of $84,224.87. Plaintiff submitted a declaration from its attorney, Matthew Faranda-Diedrich, in support of these amounts. As defendant has raised no objection to this figure, the amount requested by plaintiff is granted.

### C. Proper Defendant

Plaintiff's initial application for entry of a default judgment requested judgments against both Suah and TGM. On November 5, 2010, this court issued an order requesting information from DLL concerning the nature of the corporate relationship between Suah and TGM, and asking DLL to indentify which defendant should properly be subject to entry of default judgment. On December 1, 2010, DLL filed its response, copied to Suah, TGM, and Mr. Hosea. DLL's memorandum and accompanying documentation demonstrate that Suah is still an active company in the state of Georgia. By contrast, DLL's research suggests that TGM no longer operates in Georgia and offers no evidence that TGM was, at any time, a successor-in-interest to Suah. This court is therefore satisfied that Suah should properly be subject to entry of a default judgment.

**III.**

Accordingly, this court will grant plaintiff DLL's motion for default judgment against Suah.

BY THE COURT:

/s/   LHP
Pollak, J.
